McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2729

Attorneys for Respondents

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ignatius Ikedinma UMUNNA,<br><br>    Petitioner,<br><br>    v.<br><br>Michael CHERTOFF, Department of<br>Homeland Security, et al.<br><br>    Respondents. | CV 05-F-0988 REC DLB<br><br><br><br>**JOINT STIPULATION AND<br> ORDER** |

   Petitioner and respondents hereby stipulate that the above-captioned case be remanded to United States Citizenship and Immigration Services (CIS) for the purpose of adjudication of petitioner's naturalization application.

   On August 1, 2005, petitioner filed a Complaint for Declaratory Judgment of Naturalization under 8 U.S.C. § 1447(b) & 1421(c). Petitioner asks this Court to adjudicate his Form N-400 Application for Naturalization. This Court has jurisdiction over this action pursuant to 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Under the statute, the Court has two options: to "determine the matter" or to

"remand the matter, with appropriate instructions, to the Service to determine the matter." *See United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004).

In the instant case, CIS provided to petitioner notification that additional documentation—specifically, a copy of a police background check from the areas in which petitioner has resided in the last five years—was needed before his application could be acted upon. CIS requested return of the additional documentation by August 18, 2005. To provide petitioner an opportunity to comply with this document request, as well as to give CIS the opportunity to complete adjudication of the application (including the oath and presentation of certificate of naturalization) upon receipt of the requested information, petitioner and respondent hereby stipulate that the case be remanded to CIS for adjudication within 60 days of receipt of the requested information. In the event CIS does not adjudicate the application within 60 days of receipt of the requested information, jurisdiction would revert to the district court to determine the matter per 8 U.S.C. § 1447(b). A remand would not preclude the filing of a subsequent district court action by petitioner in the event that CIS should deny the application. *See* 8 U.S.C. § 1421(c).

Dated: October 3, 2005             Respectfully Submitted,

                                   McGREGOR W. SCOTT
                                   United States Attorney


                            By:    /s/ Audrey B. Hemesath
                                   Audrey B. Hemesath
                                   Assistant U.S. Attorney


                                   /s/ James Makasian
                                   2300 Tulare Street, Suite 250
                                   Fresno, CA 93721

## ORDER

Pursuant to this Joint Stipulation and for the reasons stated therein, IT IS HEREBY ORDERED that the petition be REMANDED to Citizenship and Immigration Services with instructions to adjudicate the Application within sixty (60) days of receipt of the requested information. The Court DISMISSES petitioner's action without prejudice. Each party shall bear its own costs, fees and expenses.

IT IS SO ORDERED.

DATED:__10/3/2005_____  /s/ ROBERT E. COYLE
HON. ROBERT E. COYLE
UNITED STATES DISTRICT JUDGE